UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort LauderdaleDivision
www.flsb.uscourts.gov

In re:

Case No. 20-19402-PDR

DESTINATION HOPE, INC.

Chapter 11

Debtor.

_____/

**EXPEDITED APPLICATION OF DEBTOR-IN-POSSESSION FOR ORDER APPROVING EMPLOYMENT OF AARON A. WERNICK, ESQ. AND WERNICK LAW, PLLC AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

**Reason for Exigency**

**The Debtor has an immediate need for the retention of counsel, not only because Florida law prevents a corporation to represent itself, but also because the Debtor requires counsel in order to navigate the complexities of the chapter 11 process. Therefore, the Debtor requests a hearing on this matter be set on September 3, 2020 or such other date as this Court deems appropriate.**

DESTINATION HOPE, INC., Debtor-in-Possession (the "Debtor"), respectfully requests an order of the court approving the employment of Aaron A. Wernick, Esq. and the law firm of Wernick Law, PLLC, effective as of the date of the Chapter 11 Petition, August 28, 2020, to represent the Debtor in this case, and states as follows:

1.      On August 28, 2020, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code [ECF 1].

2.      The Debtor desires to employ Aaron A. Wernick, Esq. (the "Attorney") and the firm of Wernick Law, PLLC (the "Firm") in this case.

3.      The Debtor believes that the Attorney and Firm are qualified to practice in this court and are qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4.      The professional services the Attorney and Firm will render are summarized as follows:

(a)  To give advice to the Debtor with respect to its powers and duties as Debtor-in-possession and the continued management of business operations;

(b)  To advise the Debtor with respect to itsresponsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)  To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(d)  To protect the interest of the Debtor in all matters pending before the Court; and

(e)  To represent the Debtor in negotiations with creditors in the preparation of a plan.

5.       To the best of the Debtor's knowledge, neither the Attorney nor Firm have any connection with the creditors or other parties in interest or their respective attorneys. Neither the Attorney nor Firm represent any interest adverse to the Debtor.

6.      Attached to this motion is the Attorney's affidavit demonstrating the Attorney and the Firm are disinterested as required by 11 U.S.C. § 327(a), along with a verified statement as required under Bankruptcy Rule 2014.

7.      Pursuant to Local Rule 2014-1(A), a copy of the *Retainer Agreement* executed by the Debtor is attached hereto.

8.      The Attorney and the Firm have agreed to be compensated in accordance with 11 U.S.C. § 330.

9.      The Firm's attorneys request compensation at the following hourly rates:[1]

    a.  Aaron A. Wernick at $500 per hour.
    b.  Lenore Rosetto Parr, of counsel, through her firm Rosetto Law Group, LLC, at $350 per hour.
    c.  Paralegals at $150 per hour.

10.     Prior to the filing of this case, the Debtor agreed to pay the Firm a retainer in the amount of $100,000.00, which includes the filing fee of $1,717.00. The Debtor has authorized the use of the foregoing retainer for pre-petition and post-petition services, with all post-petition services and cost subject to the Bankruptcy Court approval.

11.     WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing retention of Aaron A. Wernick, Esq., and the law firm of Wernick Law, PLLC, effective as of the date of the Chapter 11 Petition, August 28, 2020, pursuant to 11 U.S.C. §§ 327 and 330, and granting any further relief as this Court deems just and proper.

Dated: _8/30/2020_____

                              Destination Hope, Inc.
                              Debtor-in-Possession

                              By: _Ben Brafman_____
                                  Benjamin Brafman, President

I HEREBY CERTIFY that a true copy of the foregoing will be furnished to all appropriate parties with a copy of the Notice of Hearing.

                              Respectfully Submitted,

                              Wernick Law, PLLC
                              *Proposed Counsel for the Debtor*
                              2255 Glades Road, Suite 324A

---

[1] These are the current rates charged by Wernick Law, PLLC for each of the attorneys and paralegals identified in this application and currently employed by Wernick Law, PLLC Wernick Law, PLLC reserves the right to modify the hourly rates identified herein in accordance with all applicable rules and to add attorney or non-attorney employees.

DocuSign Envelope ID: 0472A337-F838-49A3-BBA6-EF5800SBC938

Boca Raton, Florida 33431
(561)961-0922/(561)431-2474- fax

By: */s/Aaron A. Wernick*
Aaron A. Wernick, Esq.
Florida Bar No.: 14059
awernick@wernicklaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Case No. 20-19402-PDR

DESTINATION HOPE, INC.,

Chapter 11

Debtor.

_____/

## DECLARATION[1] OF PROPOSED ATTORNEY FOR DEBTOR IN POSSESSION

Aaron A. Wernick, Esq. declares as follows:

1.      I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.      I am an attorney in the law firm of Wernick Law, PLLC, with offices located at 2255 Glades Road, Suite 324A, Boca Raton, FL 33431.

3.       Neither I nor the firm represent any interest adverse to the debtor, or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

4.      Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the debtor in possession, its affiliated debtors in possession, or its principal.

5.      Prepetition, I initially received $10,000 in fees from the Debtor for the purposes of a workout with the Debtor's creditors. Subsequently, I received a fees and costs retainer of

_____

[1] This Declaration is being made pursuant to 28 U.S.C. § 1746.

$100,000 for the Debtor's chapter 11 case, of which $7,850 was utilized for prepetition fees and

$1,717 for the court filing fee.

*I declare under penalty of perjury that the foregoing is true and correct.*

> *Executed on August 30, 2020.*
>
> _____
> Aaron A. Wernick, Esq.
>
>
> Wernick Law, PLLC
> Proposed Attorneys for Debtor
> Aaron A. Wernick
> Florida Bar No. 14059
> awernick@wernicklaw.com

Copies to:  All parties served with application for employment.

Wernick Law, PLLC
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
561-961-0922
awernick@wernicklaw.com
www.wernicklaw.com



**August 27, 2020**

RETAINER AGREEMENT

Via Email: Bbrafman@destinationhope.net
Destination Hope, Inc.
c/o Benjamin Brafman
6460 NW 5th Way
Fort Lauderdale, FL
33309

Re: Retention of Wernick Law, PLLC

Dear Benjamin,

I am pleased to confirm your decision to engage Wernick Law, PLLC (the "Firm") to represent the following: Destination Hope, Inc. (the "Client") in the matter of its Chapter 11 bankruptcy filing (the "Filing").

The purpose of this letter is to set forth our mutual understanding regarding the legal services to be rendered by the Firm and the basis on which fees will be payable for such services.

1.    **Professional Undertaking:** I will take primary responsibility for representation. If at any time you have any questions or concerns, please contact me at once.

2.    **Fees and Costs:** The Client has agreed to pay the Firm an initial retainer of $100,000.00 for attorney's fees and costs.  The funds will be deposited into the Firm's trust account for the Firm's fees and costs in this matter, with such funds (for fees and costs incurred postpetition) being granted to the Firm upon proper application(s) for fees and costs, subject to Court approval. All prepetition fees and costs will deducted from this retainer as of the petition date. This retainer is refundable as to any unused or unbilled amounts.

**This is not a flat fee agreement.** Legal services will be billed under our current prevailing hourly rates as follows: $500.00 per hour for attorney Aaron A. Wernick, $350.00 per hour for attorney Lenore Rosetto Parr, who will act as of counsel to the Firm through her firm, Rosetto Law Group, LLC. Paralegals will be billed at $150/hr.

The Client is responsible to reimburse all reasonable and necessary expenses incurred, including but not limited to court costs, virtual litigation assistance, filing fees, witness fees, photocopying, messenger service, overnight delivery, facsimile fees, computerized legal research, and any other similar expenses incurred in this

matter. Any unused retainer will be returned at the end of the Client's case. From time to time at the Firm's discretion, we may require additional retainers for continued representation.

3.      **Termination:** It is agreed that the Firm shall have the right to withdraw from the Client's case if the Client has misrepresented or failed to disclose material facts to the Firm or if the Client fails to follow the Firm's legal advice, or if the Client fails to pay an invoice rendered by this office and approved by the court, within sixty (60) days of receipt or court approval, whichever is later. In any of these events, the Client agrees to execute such necessary documents as will permit the Firm to withdraw. If the Firm withdraws from the Client's case, the Client is not relieved of the obligation to pay outstanding fees and costs. The Client has the right to terminate representation by the Firm at any time but will be responsible for all fees and costs up until the time of termination. All termination requests must be made in writing, with email being an acceptable form of writing.

4.      **Outcome:** The Client acknowledges that the Firm has made no guarantee, warranty or representation in connection with the favorable outcome or disposition of any phase of this case or matters which the Firm has been retained, and all expressions relative to it are only the Firm's opinion. The Client agrees to cooperate fully with the Firm and agrees not to do anything which would compromise the Firm's professional conduct and ethics.

5.      **Scope:** The provisions of this Agreement shall apply to the matters referred to herein and to such further matters that the Firm shall handle for the Client, from time to time, unless other arrangements are made in writing between the Client and the Firm for the Firm's fees and expenses.

6.      **Acknowledgement:** The Client acknowledges that the Firm shall have a retaining lien on the office file and on all file documents, property, or money in its possession for the payment of all sums due from the Client under this agreement. The Firm may institute a lawsuit, if necessary, against the Client, and intervene in the action in which it represented the Client as a party litigant.

7.      **Collection:** In the event it is necessary to institute a lawsuit for the collection of any fees and advances due to the Firm by the Client, the Client agrees to pay, in addition to any judgment for such fees and advances, all costs and expenses necessitated, thereby including reasonable attorney's fees and costs. Venue for such action shall lie in Palm Beach County, Florida. All unpaid bills over thirty (30) days bear interest at 12% per annum.

If the foregoing is acceptable, please indicate by signing below and returning the original of this letter to the undersigned. A copy is provided for your convenience.

I look forward to working with you on these matters.

Wernick Law, PLLC

By: _____

Aaron A. Wernick, Esq.

Read, Approved and Agreed as Above.

By: _____          Dated: _____

Benjamin Brafman as President of:
Destination Hope, Inc.