UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

DESTINATION HOPE, INC.,

    Debtor.

_____/

CASE NO.: 20-19402-PDR

CHAPTER 11

### NOTICE OF THE UNITED STATES OF AMERICA CONCERNING REVIEW OF CERTAIN FOREIGN TRANSACTIONS

The United States of America, by its attorney, Raychell Tasher, Assistant United States Attorney for the Southern District of Florida, respectfully submits this statement to address the possibility that certain transactions that the debtors, Destination Hope, Inc., ("Debtor"), may propose in this case may be subject to the jurisdiction of the Committee on Foreign Investment in the United States (CFIUS). A CFIUS review could affect the ability of the parties to complete the transaction, the timing of their completion, and/or their terms.

**A.**    **Procedural Background**

    1.    On August 28, 2020, Debtor commenced its voluntary chapter 11 case. ECF No. 1. On August 30, 2020, Debtor filed various motions, seeking, among other things, authority to pay payroll, to use cash collateral of SG Credit Partners, and to compensate Officer Affiliates ("First Day Motions"). *See* ECF Nos. 3-6.

    2.    Debtor was granted the use of cash collateral of SG Credit Partners and Newtek small business finance. *See* ECF No. 41.

    3.    Debtor has filed motion to approve the sale of substantially all of the Debtors

assets free and clear of all liens. *See* ECF No. 99.

4. The United States files the present Notice to alert and inform the parties and the Court that sales of the company or disposition of any company assets may be subject to CFIUS review for national security concerns. Provided in the following sections is some additional background information on CFIUS's purpose and its general review process.

**B.    CFIUS's Purpose and Membership**

5. CFIUS is an inter-agency committee authorized to review certain transactions involving foreign investment in the United States (referred to as "covered transactions"), in order to determine the effect of such transactions on the national security of the United States. *See* 50 U.S.C. § 4565(b)(1)(A). Covered transactions include any such transactions that arise "pursuant to bankruptcy proceedings." *Id*. § 4565(a)(4)(F) [1]; 31 C.F.R. § 800.213 note 1 (2020).

6. Section 721 of the Defense Production Act of 1950, as amended, authorizes the President, acting through CFIUS, to review any merger, acquisition, or takeover, "by or with a foreign person that could result in foreign control of any United States business." 50 U.S.C. § 4565(a)(4)(B)(i). The term "control" is defined as "the power, direct or indirect, whether exercised or not exercised, to determine, direct, or decide important matters affecting an entity, subject to regulations prescribed" by CFIUS. *Id*. § 4565(a)(3); *see also* 31 C.F.R. § 800.208(a). The relevant regulations broadly define foreign entity and foreign person to include any individual who is not a U.S. national or certain entities organized under a foreign

---

[1] The Department of the Treasury recently published final regulations fully implementing this provision, which became effective on February 13, 2020. *See Provisions Pertaining to Certain Investments in the United States by Foreign Persons*, 85 Fed. Reg. 3, 112 (Jan. 17, 2020).

state's laws. 31 C.F.R. §§ 800.220 - 800.224. Covered transactions could include the acquisition by a foreign person, foreign entity, or foreign government of an entity engaged in interstate commerce in the United States (a U.S. business), including components of a business or assets that constitute a U.S. business under the CFIUS regulations. *See generally id*. Part 800.

7. The Foreign Investment Risk Review Modernization Act of 2018 (FIRRMA),[2] broadened the authorities of the President and CFIUS under section 721 to address national security concerns arising from certain investments and real estate transactions. FIRRMA explicitly added four types of transactions as "covered transactions" under section 721: (1) the purchase or lease by, or concession to, a foreign person of certain real estate in the United States; (2) any "other investment" that, although does not result in foreign control, affords a foreign person equity interest in and specific access to information in the possession of, rights in, or involvement in the decision-making of certain U.S. businesses involved in certain critical technologies, critical infrastructure, or sensitive personal data; (3) any change in a foreign person's rights if such change could result in foreign control of a U.S. business or another investment in certain U.S. businesses; and (4) any other transaction, transfer, agreement, or arrangement, the structure of which is designed or intended to evade or circumvent the application of section 721. 50 U.S.C. § 4565(a)(4)(B)(ii)-(v).

8. The members of CFIUS include the Secretaries of the Treasury (the Chair), State, Defense, Commerce, Energy, and Homeland Security; the Attorney General; the United States Trade Representative; and the Director of the White House Office of Science and Technology Policy; the heads of any other executive department, agency, or office may

---

[2] *See* John S. McCain National Defense Authorization Act for Fiscal Year 2019, tit. XVII, Pub. L. No. 115-232, 132 Stat. 1636, 2173 (2018).

participate as determined to be appropriate on a case-by-case basis. 50 U.S.C. § 4565(k)(2). The Secretary of Labor and the Director of National Intelligence are nonvoting, *ex officio* members.

**C.     The CFIUS Process**

9.     CFIUS review can be initiated voluntarily, though certain filings are mandatory. *See* 31 C.F.R. § 800.401. Certain covered transactions must be reported where "a foreign government has, directly or indirectly, a substantial interest." 50 U.S.C. § 4565(b)(1)(C)(v)(IV)(bb)(AA).

10.     Additionally, CFIUS has issued regulations requiring the reporting of certain covered transactions involving certain U.S. businesses that produce, design, test, manufacture, fabricate, or develop one or more critical technologies. *Id.* § 4565(b)(1)(C)(v)(IV)(cc).[3]

11.     Any party to a covered transaction may file a voluntary notice of the transaction, or CFIUS can unilaterally initiate review of the transaction. *See id.* § 4565(b)(1)(C), (D). Once it receives notification of a covered transaction (and after an initial review period to accept a written notice or provide comments), CFIUS must complete a "review" within 45 days of accepting the notice filed by the parties, or of the date of its unilateral initiation of review. *Id.* § 4565(b)(1)(C)(i)(II)(aa), (b)(1)(F).

12.     Following this review period, two principal outcomes are possible. First, CFIUS could decide not to undertake an investigation and conclude its action with respect to the

---

[3] The Department of the Treasury recently issued a final rule requiring mandatory reporting of certain foreign investment transactions involving a U.S. business that produces, designs, tests, manufactures, fabricates, or develops one or more critical technologies. *Provisions Pertaining to Certain Investments in the United States by Foreign Persons*, 85 Fed. Reg. 57,124 (September 15, 2020); *see also* 31 C.F.R. Part 801.

transaction.  *See* 31 C.F.R. § 800.506; *see also* 50 U.S.C. § 4565(b)(2)(B).  Alternatively, CFIUS may initiate an investigation into the "effects of [the] covered transaction on the national security of the United States," which must be concluded within 45 days.  50 U.S.C. § 4565(b)(2)(A), (C).

13.     Upon completion of its investigation, CFIUS may conclude its action with respect to the transaction, 31 C.F.R. § 800.508(d), or, if it determines that the transaction poses national security concerns that cannot be resolved, unless the parties choose to abandon the transaction, CFIUS will send a report to the President requesting his decision on whether to take an action to suspend or prohibit the transaction, 50 U.S.C. § 4565(d)(1), which must be made within 15 days, *id*. § 4565(d)(2).  Such an action taken by the President is not subject to judicial review.  *Id*. § 4565(e).

14.     CFIUS may seek to mitigate any threat to national security that arises as a result of a covered transaction by entering into agreements or imposing conditions on the transaction.  *See* 50 U.S.C. § 4565(1)(3)(A).  In addition, the process can be prolonged by pre-notification informal consultations, *id*. § 4565(b)(1)(C)(i)(II); *see also* 31 C.F.R. § 800.501(g) (encouraging such discussions); withdrawal by the parties of a written notification of a transaction, 50 U.S.C. § 4565(b)(1)(C)(ii); or informal discussions regarding possible resubmission, *id*. § 4565(b)(1)(C)(iii).  Conversely, CFIUS has also implemented, pursuant to FIRRMA, procedures for the submission of review of "declarations", abbreviated notifications that permit CFIUS to review transactions on potentially a faster timeline.

15.     In conducting its national security risk analysis, CFIUS considers issues including domestic production needed for projected national defense requirements and the

capability and capacity of domestic industries to meet national defense requirements, the potential effects of the proposed or pending transaction on U.S. international technological leadership in areas affecting national security, the potential national security-related effects on critical infrastructure, and the potential national security-related effects on critical technologies. *See id.* § 4565(f). The statute provides a non-exclusive list of factors that CFIUS considers in assessing national security risk, *id.* § 4565(f)(1)-(10), but "other factors" may also be considered "as the President or [CFIUS] may determine to be appropriate, generally or in connection with a specific review or investigation," *id.* § 4565(f)(11).

### D. Confidentiality in the CFIUS Review Process

16. The CFIUS review process is subject to statutory confidentiality provisions, with limited exceptions for disclosure, including as may be relevant to any administrative or judicial action or proceeding. *See* 50 U.S.C. § 4565(c). Unpermitted disclosure of certain information or material filed with CFIUS can result in criminal penalties, including fines and imprisonment. *See* 31 C.F.R. § 800.802. "[T]here is … a clearly articulated intention, on the part of each of the legislative and executive branches of our government, that the CFIUS process remain confidential." *In re Global Crossing. Ltd.*, 295 B.R. 720, 724-25 (Bankr. S.D.N.Y. 2003). The CFIUS statutory and regulatory confidentiality provisions apply in bankruptcy. *See id.*; *see also* Fed. R. Bankr. P. 9018 ("[T]he court may make any order which justice requires … to protect governmental matters that are made confidential by statute or regulation."). Nothing in the CFIUS regulatory confidentiality provisions, however, prohibits, "public disclosure by a party of documentary material or information that it has submitted or filed with" CFIUS. *See* 31 C.F.R. § 800.802(d).

E.    <u>**Conclusion**</u>

17.    Accordingly, if the transactions resulting from these proceedings involve a foreign acquirer and CFIUS identifies national security concerns with such transactions, CFIUS or the President could take actions that affect the ability of the parties to complete the transaction, the timing of its completion, or the terms of the transaction.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY**

By: /s/ RAYCHELL TASHER

RAYCHELL TASHER
Assistant United States Attorney
Florida Bar No. 109291
Raychell.Tasher@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (786) 439-3185
Facsimile: (305) 530-7139
*Counsel for the United States of America*

Of Counsel:

ERIC S. JOHNSON
Deputy Chief
LAURA A. WALLACE
Attorney-Advisor
Department of Justice
National Security Division
Foreign Investment Review Section

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed in the below Service List.

## Service List

**20-19402-PDR Notice will be electronically mailed to:**

Paul J. Battista, Esq on behalf of Creditor City National Bank of Florida
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Adisley M Cortez Rodriguez on behalf of U.S. Trustee Office of the US Trustee
Adisley.M.Cortez-Rodriguez@usdoj.gov

Jay M Gamberg on behalf of Creditor Eastgroup Properties LP
Vsantoro@gamberglaw.com, jaygamberg@gamberglaw.com;jaredgamberg@gamberglaw.com

Gerard M Kouri Jr., Esq on behalf of Creditor Ford Motor Credit Company LLC
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Philip J Landau on behalf of Creditor SG Credit Partners
plandau@slp.law,
plandau@ecf.courtdrive.com;pdorsey@slp.law;dwoodall@slp.law;dlocascio@slp.law;ependergraft@slp.law;pmouton@slp.law;dlocascio@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad P Pugatch, Esq. on behalf of Creditor Benjamin & Suzanne Brafman
cpugatch.ecf@rprslaw.com

Jordan L Rappaport, Esq on behalf of Interested Party David Gussack
office@rorlawfirm.com, 1678370420@filings.docketbird.com

C David Tangora, Esq on behalf of Creditor Cynthia (Cindy) Wisdom
tangoralaw@bellsouth.net,
aarothman@att.net;tangoradr87837@notify.bestcase.com;bkcoutsourcellc@gmail.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance, LLC
htoland@mitrani.com

Aaron A Wernick on behalf of Debtor Destination Hope, Inc.
awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com