UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

                                                 Case No. 20-19402-PDR

DESTINATION HOPE, INC.,                         Chapter 11

                                 Debtor.

_____/

## DEBTOR'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF LEASE WITH <u>PONTUS SW PORTFOLIO LLC</u>

**[Emergency hearing requested for Jan. 14, 2021 at 11 am]**

**<u>Reason for Exigency</u>**
**The Debtor is to close on its transaction on the sale of substantially all of its assets with the Buyer today (January 14, 2021) and yet one of the landlords is not willing to comply with a court order and approve the assignment to the Buyer's assign. The parties are all aware that the Debtor is seeking an emergency hearing, and time is of the essence. Therefore, the Debtor requests that a hearing on this matter be set for January 14, 2021 at 11 a.m.**

DESTINATION HOPE, INC., the Debtor and Debtor-in-Possession, (the "Debtor"), by and through undersigned counsel, files this *Emergency Motion To Compel Compliance With Order Approving Assumption and Assignment of Lease With Pontus SW Portfolio LLC* (the "Motion"). The Motion seeks entry of an order compelling Pontus SW Portfolio LLC ("Pontus") to comply with a previously-entered court order, to execute the attached assignment, and for Pontus to pay damages to the Estate and the Buyer as this Court deems appropriate, and in support thereof states as follows:

1.      The Debtor is in the midst of a sale of substantially all of its assets, which is expected to occur January 14, 2021, the day of the filing of this Motion.

2.      One of the landlords, Pontus, is attempting to re-trade the deal between it and the

Buyer which is memorialized in the *Order Granting Debtor's Expedited Omnibus Motion to Assume and Assign Certain Executory Contracts and Unexpired Leases as to the Debtor's Lease With Pontus SW Portfolio LLC* [ECF 158] (the "Assignment Order") which was entered January 4, 2021.

3.      The form of the Assignment Order was approved by all parties on December 31, 2020, including Pontus, before it was uploaded to the Court.

4.      The Assignment Order approved the assumption and assignment of the lease with Pontus to the Buyer.

5.      The term "Buyer", as defined in the underlying motion to the Assignment Order, is "Regard Recovery LLC and/or its permitted assigns".

6.      The executed Asset Purchase Agreement, approved by this Court and attached to the Sale Procedures Order [ECF 121], entered October 20, 2020, states that the buyer is Regard Recovery LLC <u>and/or its permitted assign</u>s. Regard Residential is an assign of Regard Recovery LLC.

7.      The Assignment Order calls for $100,000 to be paid as a cure by the Debtor. In addition, the Buyer was to provide a $159,000 security deposit. Both of these terms will be adhered to by the Buyer and the Debtor.

8.      Pontus is now, however, seeking additional terms not agreed-to previously and not in the Assignment Order, including additional guarantees[1] by the Buyer[2]. Accordingly, Pontus is unwilling to execute the Assumption and Assignment of Lease, attached as Exhibit "A" (the

---

[1] The $159,000 security deposit was negotiated between the parties (the Buyer and Pontus) specifically to address Pontus' concerns as to security/guarantees.

[2] The date of the filing of this Motion, at 8:12 a.m., Mike Press, representative of Pontus emailed Eli Schwartz, a representative of Regard Recovery, saying "There seems to be a misunderstanding on the assignment agreement." [As an aside, both parties are represented by counsel.]

"Assignment").

9.    The Assignment contains the same material terms as are listed in the Assignment Order.

10.    One of the issues now being raised by Pontus is that the buyer, Regard Recovery LLC, which was only established October 21, 2020 and has no assets or operations, is now having its wholly-owned subsidiary Regard Recovery Residential Treatment of Florida, LLC ("Regard Residential") act as the buyer/tenant.[3]

11.    WHEREFORE, the Debtor, Destination Hope, Inc., respectfully requests the entry of an Order compelling Pontus to comply with the Assignment Order, execute the Assignment, pay the Estate and the Buyer damages for its noncompliance as this Court deems appropriate, and for such further and other relief as this Court deems appropriate..

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the parties below and in the manner indicated on January 14, 2021.


Respectfully submitted,

Wernick Law, PLLC
*Counsel for the Debtor*
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561)961-0922/(561)431-2474- fax

By: */s/Aaron A. Wernick*
Aaron A. Wernick, Esq.
Florida Bar No. 14059
awernick@wernicklaw.com

**By manual email:**

---

[3] Regard Residential is actually a better tenant for Pontus is it will be the operating entity and therefore have more assets than the assignor.

Counsel for Pontus Ian Landsberg, Esq.  ilandsberg@sklarkirsh.com

Pontus representative Mike Press mpress@pontuscapital.com

Pontus representative Scott Stokas  sstokas@pontuscapital.com


**To all CM/ECF parties, including counsel for the Buyer**

**Exhibit "A"**

**ASSIGNMENT AND ASSUMPTION OF LEASE**

This ASSIGNMENT AND ASSUMPTION OF LEASE (this "**Assignment**"), is dated as of January 14, 2021 (the "**Effective Date**") by and among DESTINATION HOPE, INC., a Florida corporation ("**Assignor**"), REGARD RECOVERY RESIDENTIAL TREATMENT OF FLORIDA LLC, a Florida limited liability company or its assigns ("**Assignee**") and PONTUS SW PORTFOLIO, LLC, a Florida limited liability company ("**Landlord**").  This Assignment is effective at 11:59 P.M. (New York time) on the Effective Date.

WITNESSETH:

WHEREAS, Assignor is presently the holder of the lessee's interest under that certain Lease Agreement, dated September 1, 2018, by and between the Landlord and Assignor (the "**Lease**") whereby Assignor leases property from the Landlord, as more fully described in the Lease;

WHEREAS, pursuant to that certain order at Docket No. 137 and Case No. 20-19402 (PDR), dated December 14, 2020, entered by the United States Bankruptcy Court for the Southern District of Florida (the "**Court Order**"), the Bankruptcy Court has approved the sale of the Assignor's Assets (as defined in the Court Order) to Regard Recovery LLC, a Delaware limited liability company and an affiliate of Assignee ("**Regard**"), or its assign, in accordance with the terms of that certain Asset and Real Estate Purchase Agreement, dated December 14, 2020, among Assignor, Regard and DH Camelot LLC, a Florida limited liability company (the "**Purchase Agreement**");

WHEREAS, Regard assigned certain of its rights and obligations under the Purchase Agreement, including without limitation the right to assume the Lease, to Assignee pursuant to an Assignment and Assumption Agreement, dated January 11, 2021, among Assignee, Regard and 1115 SW 4th Street LLC, a Florida limited liability company;

WHEREAS, pursuant to Docket No. 158 and Case No. 20-19402 (PDR), dated December 31, 2020, entered by the United States Bankruptcy Court for the Southern District of Florida, Assignee and Assignor has been authorized to assign the Lease to Assignee pursuant to Sections 363 and 365 of the Bankruptcy Code; and

WHEREAS, Assignor wishes to assign, and Assignee wishes to assume, the Lease, all in accordance with the terms set forth hereafter.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee, intending to be legally bound, agree as follows:

1. **Defined Terms**.  Terms not otherwise defined herein shall have the meaning ascribed to such term in the Lease.

2. **Assignment**. As of the Effective Date, Assignor hereby assigns, conveys, transfers, and sets over unto Assignee all of Assignor's right, title, and interest in, to, and under the Lease, free and clear of all liens, claims, interests and encumbrances of whatever nature.

3. **Obligations**.

    a. On the Effective Date, Assignor shall make a payment to Landlord in the amount of One Hundred Thousand Dollars ($100,000) as satisfaction of all amounts owed and due by Assignor pursuant to the Lease (the "**Cure Amount**") and Landlord accepts the Cure Amount as full and final satisfaction of all amounts owed by Assignor pursuant to the Lease and releases all claims against Assignor under the Lease.

    b. As of the Effective Date, Assignor covenants and Landlord acknowledges and agree that the Rent owed pursuant to the Lease is current and up to date and that Assignor is not otherwise in default pursuant to the Lease.

- 5 -

      c.    On the Effective Date, Assignee shall provide Landlord as an additional Security Deposit One Hundred Fifty Nine Thousand Dollars ($159,000); provided that if Assignee has made timely Base Rent payments for the twelve (12) month period following the Effective Date, Landlord shall, in Assignee's sole discretion, return Fifty Three Thousand Dollars ($53,000) to Assignee or offset such amount against future Base Rent payments.

4.   **<u>Assumption</u>**. Assignee hereby assumes and agrees to pay all sums, and perform, fulfill, and comply with all covenants and obligations, which are to be paid, performed, fulfilled, and complied with by the lessee under the Lease, from and after the Effective Date; provided that Assignee shall not be obligated to provide a guaranty. In clarification of the foregoing, Assignee shall not assume or have any liability for any obligations under the Lease that arose prior to the Effective Date, including the Cure Amount.

5.   **<u>Binding Effect</u>**. This Assignment shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

6.   **<u>Counterparts</u>**. This Assignment may be executed by the parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. Delivery of an executed counterpart of this Assignment by email, telefacsimile, or other electronic delivery shall be equally effective as a delivery of a manually executed counterpart of this Assignment.

[Signature Page to Follow]

 IN WITNESS WHEREOF, Assignor, Assignee and Landlord have executed this Assignment as of the Effective Date.

Witness:                                                    ASSIGNOR:

_____          DESTINATION HOPE, INC.
Name:
                                                               By: _____
_____          Name: _____
Name:                                                   Title: _____


Witness:                                                    ASSIGNEE:

_____          REGARD RECOVERY RESIDENTIAL
Name:                                                   TREATMENT OF FLORIDA LLC

_____          By: REGARD RECOVERY LLC, its sole member
Name:
                                                                    By: _____
                                                                    Name: Eli Schwarcz
                                                                    Title: Manager


Witness:                                                    LANDLORD:

_____          PONTUS SW PORTFOLIO, LLC
Name:
                                                               By: _____
_____          Name: _____
Name:                                                   Title: _____